TRINETTE G. KENT (State Bar No. 222020)
KENT LAW OFFICES
3219 E. Camelback Rd. #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Renee Rucker*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Renee Rucker,<br><br>Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC, a Georgia limited liability company; and Receivables Management Systems, Inc., a Virginia corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

1

NOW COMES THE PLAINTIFF, RENEE RUCKER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Burbank, Los Angeles County, California.

4. Venue is proper in the Central District of California, Western Division.

## PARTIES

5. Plaintiff is a natural person residing in Burbank, Los Angeles County, California.

6. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia limited liability company that conducts business in the state of California; and

      b. Receivables Management Systems, Inc. ("Receivables Management Systems"), which is a Virginia company that conducts business in the state of California.

## GENERAL ALLEGATIONS

7. Receivables Management Systems is inaccurately reporting its trade line ("Errant Trade Line") on Plaintiff's Equifax credit file by failing to report the subject account as discharged in bankruptcy.

8. On April 22, 2016, Ms. Rucker received a Chapter 7 Bankruptcy Order of Discharge from the bankruptcy court.

9. On January 9, 2018, Ms. Rucker obtained her Equifax credit file and noticed the Errant Trade Line reporting.

10. On or about January 25, 2018, Ms. Rucker submitted a letter to Equifax, disputing the Errant Trade Line.

11. In the letter, Ms. Rucker explained that the subject account had been discharged in bankruptcy, attached the Order of Discharge, and asked Equifax to report the Errant Trade Line as discharged in bankruptcy.

12. On March 20, 2018, Ms. Rucker obtained her Equifax credit file, which showed that the Errant Trade Line still failed to report the discharge.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*,

Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff has been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RECEIVABLES MANAGEMENT SYSTEMS

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax of Ms. Rucker's consumer dispute of the discharge language on the Errant Trade Line, Receivables Management Systems negligently failed to conduct a proper investigation of Ms. Rucker's dispute as required by 15 USC 1681s-2(b).

16. Receivables Management Systems negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b), and failed to direct Equifax to report the Errant Trade Line as discharged in bankruptcy.

4

17. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Rucker's consumer credit file with Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of Receivables Management Systems' negligent failure to perform its duties under the FCRA, Ms. Rucker has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Receivables Management Systems is liable to Ms. Rucker by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Ms. Rucker has a private right of action to assert claims against Receivables Management Systems arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Receivables Management Systems for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY RECEIVABLES MANAGEMENT SYSTEMS**

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax that Ms. Rucker disputed the accuracy of the information it was providing, Receivables Management Systems willfully failed to conduct a proper reinvestigation of Ms. Rucker's dispute, and willfully failed to direct Equifax to report the Errant Trade Line as discharged in bankruptcy.

23. Receivables Management Systems willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Receivables Management Systems' willful failure to perform its duties under the FCRA, Ms. Rucker has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. Receivables Management Systems is liable to Ms. Rucker for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Receivables Management Systems for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Rucker as that term is defined in 15 USC 1681a.

28. Such reports contained information about Ms. Rucker that was false, misleading, and inaccurate.

29. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Rucker, in violation of 15 USC 1681e(b).

30. After receiving Ms. Rucker's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Rucker has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

32. Equifax is liable to Ms. Rucker by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Rucker as that term is defined in 15 USC 1681a.

35. Such reports contained information about Ms. Rucker that was false, misleading, and inaccurate.

36. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Rucker, in violation of 15 USC 1681e(b).

37. After receiving Ms. Rucker's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Rucker has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

39. Equifax is liable to Ms. Rucker by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 28, 2018

KENT LAW OFFICES

By: */s/ Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Renee Rucker